UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

MEHMET KUTAY,

Plaintiff,

v.

SDH SERVICES WEST LLC.,

Defendant.

Case No.: 26-cv-2949-RSH-AHG

**ORDER DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS**

[ECF No. 2]

On May 11, 2026, plaintiff Mehmet Kutay, proceeding pro se, filed a motion to proceed in forma pauperis ("IFP"). ECF No. 2.

All parties instituting a civil action, suit, or proceeding in a district court of the United States, other than a petition for writ of habeas corpus, must pay a filing fee of $405.[1] 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay the filing fee only if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a)(1). *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999); *see Moore v. Maricopa Cnty.*

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $55. *See* 28 U.S.C. § 1914(a); United States Courts, District Court Miscellaneous Fee Schedule § 14 (effective Dec. 1, 2023), https://www.uscourts.gov/court-programs/fees/district-court-miscellaneous-fee-schedule. The additional $55 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

*Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011) ("All persons, not just prisoners, may seek IFP status."). A federal court may authorize the commencement of an action without the prepayment of fees if the party submits an affidavit, including a statement of assets, showing an inability to pay the required filing fee. 28 U.S.C. § 1915(a). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citation omitted).

Plaintiff's IFP application is incomplete. The IFP application states in relevant part: "[c]omplete all questions in this application and then sign it. Do not leave any blanks: if the answer to a question is '0,' 'none,' or 'not applicable (N/A),' write that response." ECF No. 2 at 1. On the form application, Plaintiff leaves many required questions blank. *Id.* at 2-3. Plaintiff also claims that he and his spouse have no income and no assets except for $500 cash and a $500 motor vehicle, yet he claims to have a total of $3,755/month in expenses. *Id.* at 1-5. Plaintiff also claims that he supports his child, however, in Question 7 he leaves the question, "[s]tate the persons who rely on you or your spouse for support," blank. *Id.* at 3, 5. Based on the lack of "particularity, definiteness and certainty" in the information provided, the Court is not persuaded that Plaintiff lacks the funds to pay the filing fee and "still afford the necessities of life." *Escobedo*, 787 F.3d at 1234 (citations omitted). As such, Plaintiff's application to proceed IFP is denied. *See Kirkpatrick v. San Diego Police*, No. 23-CV-762-GPC-KSC, 2023 WL 3728686, at *2 (S.D. Cal. May 30, 2023) (finding plaintiff's IFP application "incomplete and inconclusive" due to "conflicting statements and omissions regarding their finances"); *Marko v. 7-11 Store Corp.*, No. 2:25-cv-03160-DC-SCR, 2025 WL 3540669, at *1 (E.D. Cal. Dec. 10, 2025) (denying IFP motion because the "application contains several omissions and ambiguities").

## III. CONCLUSION

For the foregoing reasons, Plaintiff's motion to proceed IFP is **DENIED**. ECF No. 2.

Plaintiff is **GRANTED** *thirty (30) days* from the date of this order to pay the filing fee or file a renewed application to proceed IFP.

**IT IS SO ORDERED.**

Dated: August 14, 2026

Hon. Robert S. Huie
United States District Judge